■ BURKE BRONSTEIN, Appellant, v. DAYTON PENINSULA CORP. et al., Respondents.— In an action for specific performance of an alleged contract for the sale of real property, plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered November 16, 1959, as denies his motion to strike out the first defense (Statute of Frauds) and the fifth defense and counterclaim on the ground that they are insufficient in law. Order modified by striking out its ordering paragraph and by substituting therefor: (1) a paragraph directing that the fifth defense and counterclaim alleged in defendants' answer be struck out; and (2) a paragraph directing that in all other respects the motion be denied, without costs. As so modified, order insofar as appealed from affirmed, without costs. The fifth defense and counterclaim alleges that the corporate defendant owned the real property which is the subject of the contract alleged in the complaint; that it entered into a written agreement for the sale of said property to Candia Realty Corp.; that on the day preceding the closing date of said contract, plaintiff caused to be filed a notice of pendency of this action, based on his verified complaint alleging a pre-existing oral agreement for the conveyance of the property by defendants to plaintiff; that the plaintiff knew that there was no legal justification on his part for instituting an action for specific performance against defendants; that plaintiff's act in filing the notice of pendency was willful, malicious and not legally justifiable; that it was calculated to and did prevent the conveyance to Candia; that it was intended to prevent the defendants from realizing a just and fair profit from such sale; and that it was motivated by an unlawful intent to realize such profit for himself. The facts pleaded in the fifth defense and counterclaim are insufficient to constitute a defense or a cause of action in favor of defendants against plaintiff. If plaintiff did not commit an actionable tort in instituting and prosecuting this action, he may not be cast in damages for exercising his legal right to file a notice of the pendency of the action, unless the notice was used for some purpose other than that permitted by law (*Hauser* v. *Bartow,* 273 N. Y. 370). It is not alleged in defendants' counterclaim that there was any such misuse of the notice. On the other hand, if this action was commenced and prosecuted by plaintiff maliciously and without probable cause, there may be no recovery against him therefor unless and until this action has terminated in a manner not unfavorable to defendants (*Sigl* v. *Bresnahan,* 216 App. Div. 634; *Ametco, Ltd.,* v. *Beltchev,* 5 A D 2d 631, affd. 7 N Y 2d 783). Nor may the pleading be sustained as one to recover damages for a prima facie tort (cf. *Ruza* v. *Ruza,* 286 App. Div. 767; *Bono Sawdust Supply Co.* v. *Hahn & Golin,* 3 A D 2d 221; *Porterfield* v. *Saffan,* 7 A D 2d 987, affd. 7 N Y 2d 816; *Brandt* v. *Winchell,* 286 App. Div. 249, 250). The motion to strike out the first defense was properly denied. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.