■ MAX KARLITZ, Respondent, v MIDTOWN HOSPITAL, Defendant, and BYRON A. HERO Appellant.—Order entered in the Supreme Court, New York County, on September 30, 1974, unanimously affirmed, with $40 costs and disbursements to plaintiff-respondent. In this medical malpractice action we find no abuse of discretion in Special Term's denial of defendant-appellant's motion for an order directing plaintiff to serve a further bill of particulars. Plaintiff commenced this action in early 1974 and all pretrial discovery has been completed, including a physical and oral examination of the plaintiff. Appellant contends that he would be prejudiced in the defense of this action without the additional particulars now requested. However, we note that appellant delayed the prosecution of this appeal for more than one year after denial of his motion and find his contention to be without merit. Additionally, we find that sufficient particulars were given in response to the original demand therefor and fully complied with its function, i.e., to limit proof, assist in preparation of trial and avoid surprise. *(State of New York v Horsemen's Benevolent & Protective Assn. [N.Y. Div.],* 34 AD2d 769.) Since we find no abuse by Special Term, its wide discretion should not be disturbed. (CPLR 3043, subd [b].) Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

■ In the Matter of RENEE PELLMAN, on Behalf of DAVID PELLMAN and Another, Appellant, v CARL M. PELLMAN, Respondent.—Order, Family Court, New York County, dated June 25, 1975, which, *inter alia,* awarded petitioner's counsel $2,000 in fees, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of increasing the counsel fees by an additional $2,000 and otherwise affirmed, without costs or disbursements. We find that the counsel fees awarded by the court at Trial Term were inadequate to the extent indicated and have increased the award accordingly. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

■ PETER SOURIAN, Individually and as Trustee of ZAREH SOURIAN, Deceased, et al., Appellants, v NAIMA SALEH et al., Defendants, and HAMPTON HOUSE MANAGEMENT CORP. et al., Respondents.—Order, Supreme Court, New York County, entered August 21, 1975, canceling a notice of *lis pendens,* unanimously affirmed, with $40 costs and disbursements of this appeal to respondents. There is no claim by plaintiffs of an interest in the adjoining property but, rather, an effort to prevent defendants from committing a wrongful act against them. "A notice of *lis pendens* cannot be filed where the party who has filed it claims no right, title or interest in or to the real estate against which it is filed, and where the suit concerns simply some encroachment or wrong perpetrated" *(Braunston v Anchorage Woods,* 10 NY2d 302, 305). Concur—Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.