MARTIN ELLMAN, Appellant, v ROBERT McCARTY et al., Respondents.

Second Department, September 10, 1979

## APPEARANCES OF COUNSEL

*Cahn & Cahn, P. C. (Richard C. Cahn* of counsel), for appellant.

*Lowenberger & Gitter (Leo W. Lowenberger* of counsel), for Marion Ouderkirk, respondent.

## OPINION OF THE COURT

DAMIANI, J. P.

This case concerns the sale of a piece of real property owned by the defendants Robert and Joann McCarty as tenants by the entirety and improved by a one-story store building and a frame residence. Originally the McCartys had operated a small business from the store building but on August 1, 1972 they sold the business to Loretta Enos and leased the store to her for a term of 10 years. The lease granted the tenant the right, within one year, to purchase the property on certain stated terms and thereafter a "first right of refusal" to purchase the premises at the same price as might be offered by a bona fide purchaser.

On May 11, 1973 the tenant, Mrs. Enos, sold the business to Patricia Baldwin and Marion Ouderkirk and assigned the lease to them. Soon thereafter, Baldwin assigned her interest to Marion Ouderkirk who thereafter accepted and operated the store as sole tenant. The McCartys consented to these assignments.

In December, 1974 the McCartys, who had moved to California, entered into negotiations by mail with the plaintiff, Martin Ellman, for the sale of the property and improvements. On August 1, 1975 the attorneys for the McCartys sent a proposed contract of sale to Ellman's attorney together with copies of the lease of the store to Loretta Enos and the assignments thereof to Marion Ouderkirk. On August 21, 1975 the attorney for Ellman returned the contract and a rider containing nine items, which documents had been signed by Martin Ellman and his wife Anne.

By letter dated September 25, 1975 the McCartys' attorneys notified Ouderkirk of the existence of a bona fide offer to purchase the property by Ellman and of the fact that under paragraph sixteenth of the lease, she had a right of first refusal. Ouderkirk agreed to buy on the terms proposed by Ellman and on November 6, 1975 the McCartys and Ouderkirk entered into a contract for the purchase and sale of the premises.

When Ellman learned that the McCartys had agreed to sell the property to Ouderkirk he filed a *lis pendens* and commenced the instant action. Ellman's complaint contained four causes of action. The first sought specific enforcement of an alleged contract of sale between Ellman and the McCartys and

to restrain Ouderkirk from purchasing the premises. The second sought damages from the McCartys and their attorneys for breach of contract. The third sought damages from Patricia Baldwin and Marion Ouderkirk for maliciously inducing the McCartys to breach their contract with Ellman. The fourth sought an award of punitive damages against all defendants either for the alleged breach of contract itself or for maliciously inducing the breach.

Defendant Ouderkirk's answer denied the material allegations of the complaint and counterclaimed against Ellman seeking $25,000 damages for maliciously filing the *lis pendens* and commencing the instant action for the purpose of preventing the closing of title under her contract of sale with the McCartys. Ouderkirk also asserted a cross claim against the McCartys for specific performance or, in the alternative, to recover damages for breach of contract.

Thereafter Ouderkirk moved to dismiss plaintiff's first, third and fourth causes of action asserted against her, to cancel the *lis pendens,* for judgment on her cross claim for specific performance of her contract of sale with the McCartys and for judgment against Ellman on her counterclaim. Special Term granted the motion in its entirety and plaintiff has appealed from the order deciding the motion and from the money judgment entered after the assessment of damages on Ouderkirk's counterclaim.

So much of the order as dismisses plaintiff's first, third and fourth causes of action must be affirmed. The Statute of Frauds requires that contracts for the sale of real property (1) must be embodied in a writing containing all the material terms of the agreement between the parties and (2) must be signed by the party or parties to be charged (General Obligations Law, § 5-703). The essence of Ellman's claim is that the McCartys agreed to convey title to the real property in question in fee simple. It is the general rule that an estate held by the entirety can be conveyed only by the joint consent of the husband and wife (15 NY Jur, Domestic Relations, § 158). A contract purporting to sell real property, signed by only one of the tenants by the entirety, is ineffective to convey title in fee simple, thereby extinguishing the right of survivorship in the other tenant (cf. *Hiles v Fisher,* 144 NY 306, 312; Miller, Rights of a Tenant by the Entireties, 51 NY St BJ 199, 202-203). To this general rule there is a recognized exception, namely, one tenant may sign a contract for the sale of real

property and convey a fee simple, where he or she has been duly authorized in writing to act as the agent of the other tenant by the entirety (General Obligations Law, § 5-703; see, also, *White v Smith,* 271 App Div 1016).

■ Plaintiff claims that the correspondence between the parties and the final unsigned contract constitute memoranda containing all of the material terms of their agreement. Assuming, but not deciding, that this is so, the fact remains that only the husband's signature appears on these documents. There is no proof that Mrs. McCarty ever authorized him in writing to act as her agent for the sale. Accordingly, the Statute of Frauds bars plaintiff's action to compel specific performance of the alleged contract to convey title to the property in fee simple because conveyance of such title would necessarily involve the transfer of the interest of the wife who neither signed the contract herself nor authorized in writing an agent to do so upon her behalf. Since the plaintiff's first, third and fourth causes of action were properly dismissed, it is unnecessary for us to reach the question of whether the right of first refusal in the lease which had been assigned to Ouderkirk was intended to be personal to the original tenant or whether it was intended to run with the land so as to benefit assignees of the lease. Plaintiff is without standing to raise the issue, for in the absence of a valid, enforceable contract of sale between himself and the McCartys (or any other viable restriction upon their right to alienate the parcel), he could not, as a matter of law, be aggrieved by a subsequent offer to sell the premises to anyone, including the defendant Ouderkirk.

We now turn to the question of whether Special Term erred in granting summary judgment to Ouderkirk upon her counterclaim which alleged in relevant part:

"23. That the plaintiff willfully maliciously and without reasonable or probable cause commenced this action and filed the lis pendens as hereinbefore set forth, and thereby prevented the defendant MARION OUDERKIRK from obtaining title to said real property.

"24. By reason of the wrongful and willful acts of the plaintiff, this defendant has been prevented from purchasing said property.

"25. By reason of the commencement of this action, this defendant has been involved in litigation with the plaintiff herein, has been compelled to engage counsel to handle the

litigation, has been prevented from the benefits of ownership and has expended monies unnecessarily, all to her damage".

Special Term granted summary judgment to Ouderkirk on this counterclaim, finding that "there was no reasonable basis for his filing of the lis pendens and that same was filed for the purpose and with the intention of causing harm to the defendants McCarty and Ouderkirk." It is our opinion that in this respect the order under review must be modified by denying summary judgment on Ouderkirk's counterclaim and that the judgment entered after an assessment of damages thereon must be reversed.

■ In general the elements essential to the maintenance of an action for malicious prosecution are: (1) the commencement and prosecution of a judicial proceeding against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which has terminated in favor of the plaintiff in the malicious prosecution action, (6) to his injury, and (7) where the proceeding complained of was civil in nature, it must also be shown that the plaintiff suffered interference from some provisional remedy (36 NY Jur, Malicious Prosecution, § 5). In the case of *Chappelle v Gross* (26 AD2d 340) the Appellate Division, First Department, held that a prima facie case of malicious prosecution was pleaded where a complaint alleged that the defendant had previously commenced an action for specific performance of an alleged contract for the sale of real property and had filed a *lis pendens* in connection therewith, that the action was terminated in the plaintiffs' favor because the alleged contract was not embodied in a writing signed by the plaintiffs, that the commencement of the action and the filing of the *lis pendens* was malicious and without probable cause, with the intent to injure plaintiffs and prevent a conveyance to others with whom plaintiffs had a valid written contract of sale, and that plaintiffs sustained damages including the loss of the sale.

In the case at bar Ouderkirk's counterclaim is essentially indistinguishable from the complaint in the *Chappelle* case, with the exception that it does not, and at the time it was drawn could not, allege that Ellman's action for specific performance had been terminated favorably to Ouderkirk. As stated above, the party asserting a cause of action to recover for malicious prosecution must plead and prove as an essential element of his case that a previously commenced action was terminated in his favor. For this reason we have held, in a

case similar to the one at bar, that a cause of action to recover damages for malicious institution and prosecution of an action to compel specific performance of an alleged oral contract for the sale of real property and the filing of a *lis pendens* in connection therewith, may not be asserted as a counterclaim in the action said to be malicious *(Bronstein v Dayton Peninsula Corp.,* 11 AD2d 1036; see, also, 36 NY Jur, Malicious Prosecution, § 7). However, since plaintiff's causes of action for specific performance and for damages against Ouderkirk have now been properly dismissed on the merits upon Ouderkirk's motion for summary judgment, the essential element of termination of the alleged maliciously prosecuted action in favor of the defendant therein has been met. The interests of judicial economy therefore indicate that Ourderkirk's counterclaim should be considered on the merits.

The fact that the alleged contract between Ellman and the McCartys was not signed by Mrs. McCarty and was therefore unenforceable establishes that the instant action was commenced without probable cause. It is our opinion, however, that Special Term erred in inferring from Ellman's lack of probable cause that, as a matter of law, he acted with malice. Whether malice is to be inferred from evidence showing lack of probable cause is a question of fact for a jury *(Sidorsky v Lemkin,* 188 NY 401; *Langley v East Riv. Gas Co. of Long Is. City,* 41 App Div 470). An inference of malice flowing solely from the lack of probable cause may not be drawn by the court on a motion for summary judgment (see *Caminito v City of New York,* 45 Misc 2d 241, 252, mod on other grounds 25 AD2d 848).

Accordingly, the order appealed from should be modified by striking the third decretal paragraph thereof and substituting therefor a provision denying the defendant Ouderkirk's motion for summary judgment upon her counterclaim against the plaintiff. The judgment appealed from should be vacated and the defendant Ouderkirk's counterclaim should be severed and remitted for a trial of the issues raised thereby. As so modified, the order appealed from should be affirmed, without costs or disbursements.

MANGANO, GULOTTA and MARGETT, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered July 27, 1977, reversed, on the law, without costs or disbursements. Order of the same court, dated December 29, 1976,

modified, on the law, by deleting the third decretal paragraph thereof and substituting therefor a provision denying the motion of defendant Ouderkirk for summary judgment on her counterclaim. As so modified, order affirmed, without costs or disbursements, the counterclaim is severed and the action is remitted to the Supreme Court, Suffolk County, for a trial in accordance with the opinion herein.