■ OCEANSIDE ENTERPRISES, INC., Respondent, v ELAINE CAPOBIANCO et al., Appellants.—In an action, *inter alia,* to recover damages for malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered January 23, 1987, as denied their motion for summary judgment dismissing the first and third causes of action asserted in the plaintiff's complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the first and third causes of action asserted in the complaint are dismissed.

The essential elements of malicious prosecution of a civil action are as follows: "(1) the commencement and prosecution of a judicial proceeding against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which has terminated in favor of the plaintiff in the [underlying proceeding], (6) to his injury, and (7) * * * that the plaintiff suffered interference" with his person or property *(Ellman v McCarty,* 70 AD2d 150, 155; *Molinoff v Sassower,* 99 AD2d 528, 529).

Based upon our review of the documentation submitted on the defendants' summary judgment motion, we find that the plaintiff failed to submit any evidentiary proof sufficient to raise a question of fact as to whether the defendants initiated the underlying proceeding maliciously and without probable cause *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 272; *Landsman v Moss,* 133 AD2d 359). Accordingly, the cause of action sounding in malicious prosecution against the defendants should have been dismissed.

We also find that the defendants are entitled to summary judgment on the cause of action alleging a violation of Civil Rights Law § 70. There is nothing in the record which indicates that the defendants commenced or continued the proceeding on behalf of the petitioner civic association without the association's consent *(see, Fischer v Maloney,* 43 NY2d

553). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.