(May 1, 1989)

■ ROY A. ANDERSON et al., Appellants, v STEVEN E. PEGALIS et al., Respondents.—In an action to recover damages for malicious prosecution and abuse of process, the plaintiffs Roy A. Anderson and Earl L. Anderson appeal (1) from an order of the Supreme Court, Nassau County (DiPaola, J.), dated December 14, 1987, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) as limited by their brief, from so much of an order of the same court, dated March 8, 1988, as denied their motion for reargument of the defendants' motion for summary judgment.

Ordered that the appeal from the order dated March 8, 1988, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 14, 1987, is modified, on the law, by deleting the provision thereof which granted that branch of the motion which was to dismiss the cause of action to recover damages for malicious prosecution, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendants commenced an action claiming title by adverse possession to a vacant strip of the property owned by the plaintiffs Roy A. Anderson and Earl L. Anderson adjacent to the defendants' law offices. The defendants claimed continuous use for a period exceeding 10 years. At a nonjury trial, they sought to establish adverse possession through the testimony of their landscape gardener. However the gardener's testimony at the trial revealed two gaps in his care and cultivation of the strip of land in question. The gardener further testified that he had advised the defendants' counsel of those two gaps at the commencement of the adverse possession action. His testimony is not clear as to whether he specifically advised the defendants Pegalis and Wachsman of those gaps. At the conclusion of the trial, a judgment was entered in favor of the Andersons. The Andersons then commenced the instant action to recover damages for malicious prosecution and abuse of process.

The Andersons claim that the defendants' purpose in initiating the prior suit was to force them to sell the property in question to the defendants after a breakdown in negotiations

as to a proposed sale. However, on the defendants' motion for summary judgment, the Supreme Court determined that the submitted papers demonstrated that two essential elements of a cause of action to recover damages for malicious prosecution, namely, lack of probable cause and actual malice, were not shown (see, Martin v City of Albany, 42 NY2d 13, 17). The court reasoned that the defendants did not act hastily but consulted with and relied upon the advice of counsel and that the submitted papers did not demonstrate any feeling of personal hatred or ill will toward the Andersons. The Supreme Court also determined that the Andersons failed to establish an improper use, abuse or perversion of legally issued process on the part of the defendants in filing a notice of pendency and obtaining a temporary restraining order in the prior action.

With respect to the cause of action to recover damages for malicious prosecution, the question of whether the defendants acted without probable cause and with actual malice cannot be determined as a matter of law. There are factual issues for consideration by a jury (Prince v Stoye, 87 AD2d 864). In light of the testimony of the gardener that he advised the defendants' counsel that an essential element in the proof required for the underlying action was missing, a trial is necessary to determine whether the defendants had the necessary information and whether their reliance on the advice of counsel was reasonable. Moreover, if it is established that the defendants did commence or continue the underlying action knowing they had no chance of success, the jury would be entitled to infer malice (see, Martin v City of Albany, supra; Jestic v Long Is. Sav. Bank, 81 AD2d 255). Accordingly, the cause of action to recover damages for malicious prosecution must be reinstated.

We agree, however, with the Supreme Court that the plaintiffs in this action failed to demonstrate that the defendants used either the process of obtaining a temporary restraining order or the filing of the lis pendens for the purpose of doing harm. The record reveals that the restraining order was obtained originally by the defendants to prevent damage to their lawn, and there is no evidence that the defendants sought to accomplish an unlawful purpose not justified by the nature of the process (see, Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397). Further, even if it is assumed that the filing of a lis pendens can provide a basis for a cause of action to recover damages for abuse of process, the critical fact remains that the plaintiffs did not assert that the lis pendens was improperly used after its issuance, but only

that the defendants acted maliciously in bringing the action *(see, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222). Moreover, a malicious motive without more does not give rise to a cause of action to recover damages for abuse of process *(see, Curiano v Suozzi,* 63 NY2d 113, 117). Therefore, the causes of action to recover damages for abuse of process were properly dismissed. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.