■ HERBERT BERMAN et al., Appellants, v SILVER, FORRESTER & SCHISANO et al., Respondents.—In an action to recover damages for malicious prosecution and abuse of process, the plaintiffs appeal from an order of the Supreme Court, Queens County (Katz, J.), dated December 9, 1988, which denied their motion for summary judgment, granted the separate cross motions of the defendants Silver, Forrester & Schisano (now Silver, Forrester, Schisano & Lesser) and Donna Smith for summary judgment dismissing the complaint insofar as it is asserted against them, and, upon searching the record, dismissed the complaint insofar as it is asserted against Robert Smith.

Ordered that the order is affirmed, with costs to the respondent Silver, Forrester, Schisano & Lesser.

In May 1984 the defendants Robert and Donna Smith entered into a contract to purchase certain undeveloped real property in the Town of Montgomery, Orange County, from the plaintiffs Herbert Berman and Michael Slomka. The closing date was set for August 1984. However, due to unforeseen financial difficulties, Clifford Barber, the Smiths' attorney, by letter dated October 26, 1984, requested that the contract be terminated and that the Smiths' down payment be returned. The plaintiffs never returned the down payment to the Smiths nor did they ever respond to the letter. Moreover, there were still negotiations between the parties. Fifteen months after the scheduled closing date the Smiths informed the plaintiffs that they were ready, willing and able to perform their part of the bargain. The plaintiffs, however, refused to deliver the deed. Hence, in March 1986 the Smiths commenced an action for specific performance and also filed a notice of pendency.

The plaintiffs then moved for summary judgment dismissing the Smiths' complaint, which motion was granted on the ground that the Smiths were in default under the contract inasmuch as they were unable to close on the scheduled date. Thereafter, the plaintiffs commenced the instant action to recover damages for abuse of process and malicious prosecution against the Smiths and the defendant Silver, Forrester & Schisano (now Silver, Forrester, Schisano & Lesser) which represented them in the aforementioned action.

In a civil proceeding where the plaintiff has suffered interference from some provisional remedy, the elements essential to the maintenance of an action to recover damages for malicious prosecution are: (1) the commencement of a judicial proceeding against the plaintiff, (2) at the insistence of the defendant, (3) without probable cause, (4) with malice, (5) which action was terminated in favor of the plaintiff, and (6) to the plaintiff's injury (see, *Ellman v McCarty*, 70 AD2d 150, 155).

What is contested in the present action is whether there was probable cause to institute the prior action and whether there was malice. While there is no showing of actual malice, malice may be inferred from the lack of probable cause (see, *Loeb v Teitelbaum*, 77 AD2d 92). We find, however, that there was probable cause for the action for specific performance. The defendants properly relied on the negotiations between the parties which continued after the October 1984 letter allegedly canceling the contract. In addition, the alleged cancellation letter was sent by ordinary mail and not in the manner provided for in the contract, which required that all notices be sent by certified or registered mail. The existence of probable cause bars maintenance of the malicious prosecution cause of action (see, *Burt v Smith*, 181 NY 1).

The plaintiffs' second cause of action alleges that the filing of the notice of pendency constitutes an abuse of process. Although the parties do not mention this cause of action on appeal, it warrants discussion. Abuse of process has three essential elements: (1) regularly issued process, (2) an intent to harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective (see, *Curiano v Suozzi*, 63 NY2d 113). At bar, the second and third requirements have not been met. The plaintiffs have failed to demonstrate that the defendants intended to harm them by instituting the prior action. Rather, the defendants had probable cause to commence the prior action for specific performance. Moreover, they were using the notice of pendency for

its proper purpose, to prevent the plaintiffs from selling the property until it was judicially determined whether the Smiths could obtain specific performance. Thus, the plaintiffs' second cause of action is also without merit. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.