■ MAJESTIC FARMS SUPPLY, LTD., Appellant, v RICHARD A. SUROWIEC, Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff has the right of first refusal

to purchase certain leased premises, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Lama, J.), entered May 4, 1988, which, *inter alia,* denied its motion for summary judgment, and granted the defendant's cross motion for summary judgment, (2) an order of the same court dated August 1, 1988, which denied its motion for renewal of the defendant's cross motion for summary judgment, and (3) an interlocutory judgment of the same court, entered August 15, 1988, as amended August 26, 1988, which, *inter alia,* is in favor of the defendant and against it, and canceled the notice of pendency filed by the plaintiff on the subject property.

Ordered that the appeal from the order entered May 4, 1988, is dismissed; and it is further,

Ordered that the appeal from the order dated August 1, 1988, is dismissed: and it is further,

Ordered that the interlocutory judgment, as amended, is modified, on the law, by adding thereto a provision declaring that the plaintiff does not have a right of first refusal to purchase the leased premises; as so modified, the interlocutory judgment, as amended, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the interlocutory judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

The plaintiff contends that the defendant, in drafting the subject lease, inserted paragraph 52 providing the tenant with a right of first refusal, which, when read together with paragraph 68 providing the tenant with a right to assign the lease, amounted to a right to separately assign the right of first refusal independent of assigning the remainder of the lease. We disagree.

In *Gilbert v Van Kleeck* (284 App Div 611), the Appellate Division, Third Department, determined that whether a clause in a lease providing for an option to purchase permits the tenant to assign solely the option depends on the intention of the parties at the time of execution. Here the defendant has submitted affidavits of both parties to the original lease, Richard A. Surowiec and Ronald Castiglione, stating that they had not intended to provide for severability and separate assignment of the right of first refusal. In opposition, the

plaintiff has proffered only an unsworn affidavit of Robert Alberti, wherein he stated that Castiglione offered to him the right of first refusal on his lease. That does not constitute evidentiary proof in admissible form sufficient to defeat a motion for summary judgment *(see, Slavenburg Corp. v Opus Apparel,* 53 NY2d 799, 801). As such, the defendant's motion for summary judgment was properly granted *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Daliendo v Johnson,* 147 AD2d 312, 317).

We note that since this a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 24, *cert denied* 371 US 901). Mangano, P. J., Thompson, Bracken and Balletta, JJ., concur.