■ REALTY BY FRANK KAY, INC., et al., Appellants-Respon-

dents, v MAJESTIC FARMS SUPPLY, LTD., et al., Respondents-Appellants.—In an action, *inter alia,* to recover damages for malicious prosecution due to the defendants' failure to duly remove a notice of pendency from the plaintiffs' property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered January 27, 1989, as granted the defendants' motion for summary judgment dismissing the complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for imposition of costs pursuant to CPLR 8303-a (a).

Ordered that the order is affirmed, with costs to the defendants.

The plaintiffs' cause of action to recover damages for malicious prosecution is predicated upon the defendants' filing of a notice of pendency in the related action *(see, Majestic Farms Supply v Surowiec,* 160 AD2d 777 [decided herewith]). The defendants filed the notice of pendency because of a dispute with Richard A. Surowiec, the landlord of a shopping center, when he refused to recognize their right of first refusal over a part of the premises located at 861-863 West Jericho Turnpike in Suffolk County. Those premises were subsequently purchased by the plaintiffs, who assert that they were damaged by the continuation, maliciously and without reasonable cause, by the defendants of the notice of pendency. The defendants, on the other hand, characterize the plaintiffs' actions as frivolous and seek costs.

The essential elements of a cause of action to recover damages for malicious prosecution arising from a civil action are: (1) the commencement and prosecution of a judicial proceeding against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which has terminated in favor of the plaintiff in the malicious prosecution action, (6) to his injury, and (7) that the plaintiff suffered interference with his person or property *(see, Oceanside Enters. v Capobianco,* 146 AD2d 685; *Molinoff v Sassower,* 99 AD2d 528, 529; *Ellman v McCarty,* 70 AD2d 150, 155). Because the plaintiffs here were not the successful parties in the prior action *(see, Majestic Farms Supply v Surowiec, supra),* they fail to satisfy all of these elements. Thus, the complaint was properly dismissed.

After review of the record, we find the defendants' request for costs to be utterly without merit *(see, Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291). Mangano, P. J., Thompson, Bracken and Balletta, JJ., concur.