■ 35-45 MAY ASSOCIATES, Respondent, v MAYLOC ASSOCIATES, Appellant, et al., Defendant, et al., Intervenor.—Judgment, Supreme Court, Westchester County (Vincent Gurahian, J.), entered on or about June 28, 1988, which, *inter alia,* dismissed plaintiff's complaint seeking specific performance of a certain agreement to assign a contract for the sale of real property, and which dismissed the counterclaims of defendant Mayloc Associates seeking damages for the filing of a notice of pendency, unanimously affirmed, with costs and disbursements.

Plaintiff, had it performed under a certain agreement, would have been the ultimate assignee of a contract for the sale of commercial real estate located in Westchester County. At the time of closing, however, plaintiff refused to consummate the transaction unless granted a substantial monetary credit, based upon the alleged unauthorized rental of certain apartments, which pursuant to the contract of sale were to be kept vacant by the owner, Mayloc Associates. Sheldon Assets, Inc., which had agreed to assign the contract of sale to plaintiff, after its offer of a monetary credit was rejected, left the closing and eventually Mayloc and Sheldon entered into mutual releases arising out to the aborted closing.

The trial court found that plaintiff had in fact agreed to the rental of the apartments, and that its refusal to close was in bad faith. The court further found that, due to the unusual terms of the agreement to assign the contract, plaintiff never acquired any enforcible right to purchase the property since, pursuant to the agreement between Sheldon and plaintiff's nominee, a completed assignment was contingent upon actual performance.

The trial court dismissed plaintiff's complaint, which sought enforcement of the assignment agreement, and dismissed defendant Mayloc's counterclaims, which were predicated upon the allegedly improper filing of a notice of pendency. The only issue raised on appeal is whether the trial court properly dismissed defendant Mayloc's counterclaims.

Mayloc's counterclaims are styled as causes of action for prima facie tort and slander of title. With regard to the latter cause of action, it has been held that a notice of pendency is an "undeniably true statement", and that therefore the filing of a notice of pendency does not give rise to a cause of action

for slander of title. *(Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222, 224.) While defendant's other claim is styled as prima facie tort, it is clear that the only actionable wrong which may arise from the improper filing of a notice of pendency is a cause of action for malicious prosecution. *(Chappelle v Gross,* 26 AD2d 340; *Anderson v Pegalis,* 150 AD2d 315; *Ellman v McCarty,* 70 AD2d 150, 155-156.) A cause of action for malicious prosecution requires proof that the plaintiff acted not only without probable cause, but also with malice; and while an inference of malice may be drawn from a showing that the plaintiff lacked probable cause to maintain the action *(Ellman v McCarty, supra,* at 156), the trial court determined that defendant had not established that plaintiff acted out of malice in filing the notice of pendency.

On our review of the record, we find that the trial court properly determined that defendant Mayloc failed to prove malice, and, accordingly, we affirm the judgment dismissing its counterclaims. Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.