■ BRUCE GOLDBLATT, Respondent, v 112 DUFFY AVENUE CORP. et al., Appellants, et al., Defendants.—In an action for specific performance of a contract for the sale of real property,

the defendants 112 Duffy Avenue Corp. and Gerard Donlon appeal from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered August 24, 1990, as, upon granting the branch of their motion which was for summary judgment dismissing the complaint, denied the branch of their motion which was for leave to amend their counterclaims, and dismissed the counterclaims.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Although the dismissal of the complaint does not, in itself, extinguish the appellants' counterclaims *(see,* CPLR 3019 [d]; *Ballen v Aero Mayflower Tr. Co.,* 144 AD2d 407, 410), the counterclaims in issue were without merit. The contract provided that rescission was to be the sole remedy for the plaintiff buyer's failure to provide a timely mortgage commitment, and the appellant sellers are thus unable to maintain a counterclaim for damages.

The appellants failed to show that the plaintiff brought the underlying action for the sole purpose of harming their contract with another purchaser, and therefore have no claim for tortious interference with contractual relations *(see, Lerman v Medical Assocs.,* 160 AD2d 838, 839).

Finally, the plaintiff's notice of pendency was properly filed in the context of this action *(see, Berman v Silver, Forrester & Schisano,* 156 AD2d 624, 625-626), and the appellants alleged no abuse of the notice of pendency after it was filed. They have therefore failed to plead a cause of action alleging abuse of process *(see, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222, 225; *Anderson v Pegalis,* 150 AD2d 315, 316-317). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.