■ ALICE F. JACKSON, Respondent, v STEVEN A. KESSNER et al., Appellants, et al., Defendants. [640 NYS2d 4]

Contrary to appellants' contention, plaintiff established a prima facie case of malicious prosecution. The evidence demonstrated that, after the appellants contracted with plaintiff for the sale of plaintiff's brownstone, they failed to appear at the closing, causing plaintiff to declare a default and to retain the down payment. But for the commencement of an action and filing of notice of pendency by appellants after their default, plaintiff could have entered into a contract of sale with a new purchaser at a price of $999,000. After that notice of pendency was vacated, the prospective purchaser indicated his desire to proceed to contract. By that time, however, appellants had commenced a second action and filed another notice of pendency. Upon learning thereof, the prospective purchaser declined to proceed, and plaintiff ultimately sold the property to another purchaser for $875,000. Appellants argue that plaintiff failed to prove that they acted without probable cause, a requisite element to a cause of action for malicious prosecution (Realty By Frank Kay v Majestic Farms Supply, 160 AD2d 789), since plaintiff failed to permit them to, inter alia, conduct "test borings" in the basement of the subject property. While

there was a general clause in the contract indicating that plaintiff would "cooperate prior to closing in the filing of any alteration plans", there was nothing in the contract permitting appellants to conduct test borings. In fact, appellants were aware that plaintiff would not permit them to conduct these tests for fear that the property would be irreparably damaged. Moreover, appellants did not oppose plaintiff's motion to cancel the second notice of pendency and appellants were not, in fact, "ready, willing and able to close" as alleged in the second verified complaint.

Appellants' contention that the trial court erred in admitting the Gordon contract and any testimony relating thereto into evidence on the grounds that they were affirmatively led to believe that the contract did not exist is not preserved for appellate review. In any event, it should not have come as a surprise that a signed contract existed, particularly since we found in *Jackson v Kessner* (206 AD2d 123, *lv dismissed* 85 NY2d 967) that appellants had been provided with an unsigned copy of the Gordon contract during discovery.

We decline to reach defendants' claim that the punitive damages are excessive and should be set aside, the issue being inappropriately raised in their reply brief (*Matter of Crest Auto Leasing v Green*, 211 AD2d 525; *Gramercy Co. v Benenson*, 223 AD2d 497). Appellants' remaining arguments are unpreserved and without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Tom, JJ.