■ EAST PATCHOGUE CONTRACTING COMPANY, Appellant, v MAGESTY SECURITIES CORPORATION et al., Respondents, and LEWIS WASSERMAN et al., Appellants. [699 NYS2d 424] —In an action, *inter alia,* to set aside certain conveyances of real property as fraudulent, the plaintiff East Patchogue Contracting Company and additional defendant on the counterclaims East Patchogue Contracting Corp. appeal, and the additional defendants on the counterclaims Lewis Wasserman and Wasserman & Steen separately appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated January 15, 1998, and (2) stated portions of a resettled order of the same court, dated April 20, 1998, which, *inter alia,* granted the mo-

tion of the defendants Timberland Homes, Inc., Maytime Homes, Inc., Robert E. Goldman, and Goldman & Weintraub, P. C., to dismiss the complaint and denied the motion of the additional defendants on the counterclaims Lewis Wasserman and Wasserman & Steen to dismiss the counterclaims asserted against them by these defendants.

Ordered that the appeals from the order are dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the appeal of the plaintiff East Patchogue Contracting Company and additional defendant on the counterclaims East Patchogue Contracting Corp. from the resettled order is dismissed as withdrawn; and it is further,

Ordered that the appeal of the additional defendants on the counterclaims Lewis Wasserman and Wasserman & Steen, from so much of the resettled order as granted the motion of the defendants Timberland Homes, Inc., Maytime Homes, Inc., Robert E. Goldman, and Goldman & Weintraub, P. C., to dismiss the complaint is dismissed as withdrawn; and it is further,

Ordered that the resettled order is reversed insofar as reviewed, on the law, that branch of the motion of the additional defendants on the counterclaims Lewis Wasserman and Wasserman & Steen which was to dismiss the counterclaims asserted against them by the defendants Timberland Homes, Inc., Maytime Homes, Inc., Robert E. Goldman, and Goldman & Weintraub, P. C., is granted, and those counterclaims are dismissed; and it is further,

Ordered that the additional defendants on the counterclaims Lewis Wasserman and Wasserman & Steen are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The counterclaims asserted against the additional defendants on the counterclaims should have been dismissed. The pleadings were insufficient to state causes of action alleging either slander of title (*see, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222, 224; *see also, Sopher v Martin,* 243 AD2d 459; *35-45 May Assocs. v Mayloc Assocs.,* 162 AD2d 389) or abuse of process (*see, Curiano v Suozzi,* 63 NY2d 113, 116; *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 405; *Brown v Bethlehem Terrace Assocs., supra,* at 225; *Weisman v Weisman,* 108 AD2d 852, 853). The causes of action alleging defamation per se also must fail since the allegations set forth in the pleadings are privileged (*see, Martirano v Frost,* 25 NY2d 505, 507-508; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136,

*cert denied* 516 US 914). S. Miller J. P., Sullivan, Krausman and H. Miller, JJ., concur.