■ SAM PANISH, Appellant, v STEPHEN R. STEINBERG et al., Respondents. [819 NYS2d 549]—

In an action to recover damages for abuse of process, the plaintiff appeals from an order of the Supreme Court, Nassau County (Ayres, J.), entered April 20, 2005, which granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed, with costs to the respondent Stephen R. Steinberg.

The plaintiff contends that the filing of a notice of pendency by the defendants in connection with an action commenced by the defendant Karen Panish and her attorney, the defendant Stephen R. Steinberg, to impose a constructive trust on certain real property held in the plaintiff's name, constituted an abuse of process. The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action to recover damages for abuse of process. Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal (2) an intent to harm without excuse or justification and (3) use of process in a perverted manner to obtain a collateral objective (see *Curiano v*

*Suozzi,* 63 NY2d 113 [1984]; *Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 403 [1975]). Here, the second and third requirements have not been satisfied. The plaintiff failed to allege any actual misuse of the notice of pendency to obtain an end outside its proper scope (*see Hornstein v Wolf,* 67 NY2d 721, 723 [1986]; *Hauser v Bartow,* 273 NY 370, 374 [1937]; *Berman v Silver, Forrester & Schisano,* 156 AD2d 624 [1989]; *cf. Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn. Local 1889, AFT AFL-CIO, supra*). Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.