■ PLOT REALTY LLC et al., Respondents, v RICHARD DESILVA, JR., et al., Appellants. [847 NYS2d 1]—

Orders, Supreme Court, New York County (Karen S. Smith, J.), entered September 14, 2006 and October 16, 2006, which, to the extent appealed from, denied defendants' motion to dismiss the complaint, granted plaintiffs' cross motion to consolidate the action with a related action bearing index number 108951/04 (action No. 1) for purposes of discovery, and granted plaintiffs' cross motion to the extent of disqualifying Jeffrey Ween, Esq. from representing defendants DeSilva and Desco Appliances Inc., in this action (action No. 2), and reserving decision on so much of the cross motion to disqualify Ween in action No. 1 until completion of discovery, unanimously modified, on the law, to the extent of denying that portion of plaintiffs' cross motion to disqualify Ween as counsel in action No. 2, and otherwise affirmed, without costs.

The court properly determined that dismissal of the complaint alleging slander of title was not warranted. Plaintiffs sufficiently set forth allegations that defendants' act of filing the notice of

pendency was unjustified as action No. 1 concerned only an encroachment and nuisance allegedly perpetrated by plaintiffs in connection with building renovations, rather than a claim by defendants in an interest in plaintiffs' building (*see Braunston v Anchorage Woods*, 10 NY2d 302, 305-306 [1961]; *Sourian v Saleh*, 50 AD2d 756 [1975]). The complaint also alleged the required special damages (*see Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222 [1988]).

Consolidation of the two actions for discovery purposes was appropriate since there were common questions of law and fact, there was no demonstration that the consolidation would prejudice any substantial right of defendants, and any delay caused by the consolidation is not sufficient reason to bar it (*Amtorg Trading Corp. v Broadway & 56th St. Assoc.*, 191 AD2d 212 [1993]).

The court, however, erred in disqualifying Jeffrey Ween as defendants' counsel in action No. 2 since there was an insufficient record, at this stage of the litigation, that he was a necessary witness based upon his actions in filing the notice of pendency (*see Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 152 [1994], *affd* 87 NY2d 826 [1995]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.