■ 347 Central Park Associates, LLC, Respondent, v Pine Top Associates, LLC, et al., Appellants. [919 NYS2d 892]—

In an action to recover damages for malicious prosecution, the defendants Pine Top Associates, LLC, Bob Lord, and Mauro Valentine appeal, and the defendant Stephen Brotmann

separately appeals from an order of the Supreme Court, Westchester County (DiBella, J.), entered December 30, 2009, which denied their separate motions to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5) and for failure to state a cause of action pursuant to CPLR 3211 (a) (7) insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

"In order for a plaintiff to maintain a civil action to recover damages for malicious prosecution, it must show: '(1) the commencement of a judicial proceeding against the plaintiff, (2) at the insistence of the defendant, (3) without probable cause, (4) with malice, (5) which action was terminated in favor of the plaintiff, and (6) to the plaintiff's injury' " (*Furgang & Adwar, LLP v Fiber-Shield Indus., Inc.*, 55 AD3d 665, 665 [2008], quoting *Felske v Bernstein*, 173 AD2d 677, 678 [1991]; *see Berman v Silver, Forrester & Schisano*, 156 AD2d 624 [1989]). The prior judicial proceeding is "to the plaintiff's injury" if it resulted in interference with the plaintiff's person or property (*see Purdue Frederick Co. v Steadfast Ins. Co.*, 40 AD3d 285, 286 [2007]; *Oceanside Enters. v Capobianco*, 146 AD2d 685 [1989]). A motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) "will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, 'the complaint states in some recognizable form any cause of action known to our law' " (*Sheroff v Dreyfus Corp.*, 50 AD3d 877, 877-878 [2008], quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Under the circumstances alleged herein, the Supreme Court properly concluded that the complaint adequately stated a cause of action alleging malicious prosecution. Moreover, contrary to the defendants' contention, the complaint does not sound only in a cause of action alleging slander of title (*see Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 756 [2005]; *Alexander v Scott*, 286 AD2d 692, 693 [2001]; *Sopher v Martin*, 243 AD2d 459, 462 [1997]; *Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222, 224 [1988]; *see also Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917, 922 [2010]; *Pelc v Berg*, 68 AD3d 1672, 1674 [2009]; *35-45 May Assoc. v Mayloc Assoc.*, 162 AD2d 389, 389-390 [1990]; *cf. Plot Realty LLC v DeSilva*, 45 AD3d 312 [2007]).

The Supreme Court also properly denied those branches of the defendants' separate motions which sought to dismiss the complaint as time-barred (*see* CPLR 3211 [a] [5]). A malicious

prosecution cause of action is governed by a one-year statute of limitations (*see* CPLR 215 [3]). Here, the cause of action accrued in May 2009 when the underlying civil action was dismissed in its entirety, and thus "terminated in favor of the plaintiff" (*Felske v Bernstein*, 173 AD2d at 678; *see Berman v Silver, Forrester & Schisano*, 156 AD2d at 625; *see also Purdue Frederick Co. v Steadfast Ins. Co.*, 40 AD3d at 286; *Wildwood Estates v Lebert*, 276 AD2d 481 [2000]; *Oceanside Enters. v Capobianco*, 146 AD2d 685 [1989]). Accordingly, the commencement of this action in July 2009 was timely.

The defendants' remaining contentions are improperly raised for the first time on appeal and, in any event, are without merit. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.