■ Louis J. Schilt et al., Appellants, v Robert W. Matherson II et al., Respondents. (Appeal No. 1.) Louis J. Schilt et al., Respondents, v Robert W. Matherson II et al., Defendants, and Geoffrey S. Matherson et al., Appellants. (Appeal No. 2.) [960 NYS2d 460]—

In an action, inter alia, for specific performance of a contract for the sale of real property, (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 31, 2011, as denied their motion, among other things, pursuant to CPLR 3215 (c) to dismiss, as abandoned, the amended counterclaim of the defendant Geoffrey S. Matherson and (2) the defendants Geoffrey S. Matherson, Geoffrey S. Matherson and Associates, Ltd., and Coldwell Banker Real Estate Corporation separately appeal from an order of the same court dated January 6, 2012, which granted the plaintiffs' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended counterclaim of the defendant Geoffrey S. Matherson.

Ordered that the order dated August 31, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal by the defendants Geoffrey S. Matherson and Associates, Ltd., and Coldwell Banker Real Estate Corporation from the order dated January 6, 2012, is dismissed, without costs or disbursements, as those defendants are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the order dated January 6, 2012, is affirmed on the appeal by the defendant Geoffrey S. Matherson, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court properly denied their motion, inter alia, pursuant to CPLR 3215 (c) to dismiss, as abandoned, the amended counterclaim of the defendant Geoffrey S. Matherson. It is undisputed that the order authorizing the amendment and service of the answer and amended counterclaim was itself never served upon the plaintiffs with notice of entry; thus, the plaintiffs were not validly served with the amended counterclaim (see generally

*Fried v Carlucci & Legum,* 309 AD2d 829, 830 [2003]; *Lyons v Butler,* 134 AD2d 576, 577 [1987]), and their obligation to serve a responsive pleading never arose (*see generally Anamdi v Anugo,* 238 AD2d 366 [1997]). Therefore, the plaintiffs' failure to serve a reply did not constitute a default, and the defendant Geoffrey S. Matherson could not have obtained a valid default judgment against them under CPLR 3215 (a) (*see Fried v Carlucci & Legum,* 309 AD2d at 830). Accordingly, the defendant Geoffrey S. Matherson did not abandon the amended counterclaim pursuant to CPLR 3215 (c) by failing to timely seek a default judgment with respect to it.

However, the Supreme Court properly granted the plaintiffs' subsequent motion pursuant to CPLR 3211 (a) (7) to dismiss the amended counterclaim for failure to state a cause of action to recover damages for abuse of process. The elements of an abuse of process cause of action are (1) the regular issuance of civil or criminal process, (2) with an intent to do harm without any excuse or justification, and (3) misuse of the process in a perverted manner to obtain a collateral objective (*see Curiano v Suozzi,* 63 NY2d 113, 116 [1984]; *Ettienne v Hochman,* 83 AD3d 888 [2011]; *Greco v Christoffersen,* 70 AD3d 769, 770 [2010]). Here, the filing of the notice of pendency that was the subject of the amended counterclaim was entirely proper in this action, inter alia, for specific performance of a contract for the sale of real property, since the action seeks to affect the title to, or the possession, use, or enjoyment of, real property (*see Ewart v Ewart,* 78 AD3d 992 [2010]; *Nastasi v Nastasi,* 26 AD3d 32, 35 [2005]; *Felske v Bernstein,* 173 AD2d 677, 678 [1991]). The defendant Geoffrey S. Matherson failed to allege facts to suggest that the filing of the notice of pendency was intended to harm him without justification, and that the notice of pendency was misused for an improper collateral purpose subsequent to its filing (*see Curiano v Suozzi,* 63 NY2d at 117; *Panish v Steinberg,* 32 AD3d 383, 384 [2006]; *Goldblatt v 112 Duffy Ave. Corp.,* 186 AD2d 718, 719 [1992]; *Berman v Silver, Forrester & Schisano,* 156 AD2d 624, 625-626 [1989]; *Anderson v Pegalis,* 150 AD2d 315, 316-317 [1989]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.