Busiello v Whelan (2025 NY Slip Op 04226)

Busiello v Whelan

2025 NY Slip Op 04226

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06550
 (Index No. 605644/24)

[*1]John Busiello, respondent, 
v
David J. Whelan, et al., appellants.

David J. Whelan, Sag Harbor, NY, Mary M. Whelan, Sag Harbor, NY, and Patricia Weiss, Sag Harbor, NY, appellants pro se (one brief filed).
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Marina M. Martielli of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for abuse of process, the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated July 1, 2024. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied the separate motion of the defendant Patricia Weiss for recusal of the Justice presiding.
ORDERED that the appeal by the defendants David J. Whelan and Mary M. Whelan from so much of the order as denied the motion of the defendant Patricia Weiss for recusal of the Justice presiding is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Patricia Weiss and insofar as reviewed on the appeal by the defendants David J. Whelan and Mary M. Whelan; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In December 2019, the defendants David J. Whelan and Mary M. Whelan (hereinafter together the Whelans) commenced an action (hereinafter the Whelans' action) against the plaintiff, inter alia, to recover damages for private nuisance. In March 2022, the Whelans, by their attorney, the defendant Patricia Weiss, filed a notice of pendency against the plaintiff's property. In an order dated August 8, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to vacate the notice of pendency. That portion of the order was subsequently affirmed by this Court (see Whelan v Busiello, 219 AD3d 778).
In March 2024, the plaintiff commenced this action against the defendants, seeking to recover damages for abuse of process. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. Weiss thereafter separately moved for recusal of the Justice presiding. In an order dated July 1, 2024, the Supreme Court, among other things, denied that branch of the defendants' motion and denied Weiss's separate motion. The defendants appeal.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (DAIJ, Inc. v Roth, 85 AD3d 959, 959; see Brach v Schwartz, 215 AD3d 913, 914). Here, the Supreme Court providently exercised its discretion in denying dismissal of the complaint pursuant to CPLR 3211(a)(4) on the ground that it raised issues duplicative of the Whelans' action, since the two actions were not sufficiently similar and sought distinct relief (see Mazzei v Kyriacou, 139 AD3d 823, 824; DAIJ, Inc. v Roth, 85 AD3d at 959).
"On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint on the ground that an action is time-barred, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Griffin v Perrotti, 121 AD3d 1041, 1041; see Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941). "Abuse of process is an intentional tort and, thus, is governed by a one-year statute of limitations" (Benyo v Sikorjak, 50 AD3d 1074, 1077; see CPLR 215).
The Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(5) on the ground that it was barred by the statute of limitations. The defendants failed to demonstrate that the time within which to commence this action had expired (see Muro-Light v Farley, 95 AD3d 846, 846; Village of Val. Stream v Zulli, 64 AD2d 609, 610).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Hughes v Vento, 226 AD3d 753, 754; see Leon v Martinez, 84 NY2d 83, 87). The elements of a cause of action alleging abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116; see Hughes v Vento, 226 AD3d at 754).
The Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(7). At this early stage of litigation, where the plaintiff's allegations in the complaint are accepted as true and are accorded the benefit of every possible favorable inference, the cause of action alleging abuse of process was sufficiently pleaded (cf. Schilt v Matherson, 104 AD3d 668, 669; Panish v Steinberg, 32 AD3d 383, 383).
"Absent a legal disqualification under Judiciary Law § 14, the determination of a motion for recusal of the Justice presiding based on alleged impropriety, bias, or prejudice is within the discretion and the personal conscience of the court" (Matter of Lew v Sobel, 192 AD3d 799, 800-801 [internal quotation marks omitted]; see Matter of Parietti v Day, 215 AD3d 897, 899). Here, Weiss failed to establish a basis for recusal pursuant to Judiciary Law § 14 and failed to set forth any proof of bias or prejudice on the part of the Justice presiding that would have warranted recusal (see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 660, 662; Matter of Lew v Sobel, 192 AD3d at 801).
The defendants' remaining contentions are either without merit or not properly before this Court.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court