■ NAPOLEON HOLMES et al., Respondents, v CITY OF NEW ROCHELLE et al., Appellants.—In an action, *inter alia,* to recover damages for false arrest, malicious prosecution, and defamation, the defendants appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered March 19, 1991, which denied their motion for summary judgment dismissing the complaint and for summary judgment on their counterclaim for sanctions.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion, and (2) upon searching the record, dismissing the defendants' counterclaim; as so modified, the order is affirmed, with costs to the defendants.

On April 23, 1988, at 4:30 A.M., the plaintiff Napoleon Holmes was stopped pursuant to a valid bench warrant, while driving a vehicle. Police Officer Hearle smelled alcohol on Holmes's breath and noticed that Holmes's eyes were extremely bloodshot. Officer Hearle asked Holmes to submit to a

chemical test to determine his blood alcohol level. Holmes refused. Holmes was arrested for driving while intoxicated. Thereafter, at a hearing held pursuant to Vehicle and Traffic Law § 1194, Holmes's license was revoked. Holmes was later acquitted of driving while intoxicated, and commenced the instant action to recover damages, *inter alia,* for false arrest, malicious prosecution, and defamation.

The basis for Holmes's stop was established by the existence of the valid bench warrant. Probable cause for Holmes's arrest for driving while intoxicated was necessarily established when Holmes's license was revoked by the New York State Department of Motor Vehicle, after a hearing, based upon a finding that the police had reasonable grounds to believe that he was driving while intoxicated and, therefore, had the right to request that he submit to a chemical test *(see,* Vehicle and Traffic Law § 1194 [1]). Relitigation of that issue is barred by collateral estoppel *(see, Boose v City of Rochester,* 71 AD2d 59; *Coffey v Town of Wheatland,* 135 AD2d 1125). Once probable cause has been established, causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution do not lie *(see, Feinberg v Saks & Co.,* 83 AD2d 952).

Holmes's cause of action to recover damages for defamation also fails, since the publication involved events of a judicial or quasi-judicial nature and was therefore privileged *(see, Sassower v Finnerty,* 96 AD2d 585).

Since the cause of action to recover damages for loss of consortium is derivative in nature, the dismissal of the primary causes of action necessitates the dismissal of that cause of action as well *(see, Maddox v City of New York,* 108 AD2d 42, *affd* 66 NY2d 270).

That branch of the defendants' motion which was for summary judgment on their counterclaim for the imposition of sanctions was properly denied, and upon searching the record, the counterclaim is dismissed. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.