██ ROBERT BROWN, Appellant-Respondent, v ROBERT B. ROLAND, Respondent-Appellant. [627 NYS2d 791] —Mercure, J. (1) Cross appeals from an order of the Supreme Court (Bradley, J.), entered January 26, 1994 in Ulster County, which partially denied defendant's motion for summary judgment dismissing the complaint, and (2) appeal from an order of said court, entered June 21, 1994 in Ulster County, which, upon reargument, *inter alia,* reversed its prior order dismissing plaintiff's causes of action for malicious prosecution and false imprisonment.

The complaint, alleging causes of action sounding in malicious prosecution, false imprisonment (which we view as indistinguishable from plaintiff's claim of false arrest *[see,* 59 NY Jur 2d, False Imprisonment, § 1, at 262-263]), libel and slander, arises out of the events of July 4, 1991, when defendant caused an accusatory instrument to be filed in the City Court of the City of Kingston, Ulster County, and plaintiff to be arrested for assault in the third degree. The charge was based upon defendant's sworn factual allegations that plaintiff punched him in the face and head, causing injury to his forehead and mouth, and breaking his glasses and two bottom front teeth.

On November 12, 1991, City Court conducted a hearing for the purpose of determining whether there was probable cause

to believe that plaintiff committed the crime charged in the accusatory instrument and concluded that there was "probable cause to hold a trial in this matter". Plaintiff was acquitted following a nonjury trial, however, and thereafter commenced the instant action. In his *pro se* answer, defendant asserted a counterclaim for malicious prosecution based upon plaintiff's commencement of this action against him. He subsequently amended his answer to allege City Court's finding of probable cause as a complete defense to the complaint and thereafter moved for summary judgment dismissing the complaint and for judgment on the counterclaim on the same ground. Supreme Court partially granted the motion to the extent of dismissing the causes of action for malicious prosecution and false imprisonment. The parties cross-appeal. Supreme Court granted plaintiff's subsequent motion for reargument, however, and upon reargument reversed itself and denied defendant's motion in its entirety. Defendant appeals.

We conclude that Supreme Court was correct in its initial decision to dismiss plaintiff's first and second causes of action and erred in its subsequent determination to the contrary. Fundamentally, lack of probable cause is an essential element of causes of action for false imprisonment *(see, Feinberg v Saks & Co.,* 83 AD2d 952, 953, *mod on other grounds* 56 NY2d 206) and malicious prosecution *(see, Janendo v Town of New Paltz Police Dept.,* 211 AD2d 894, 897-898; *see also, Colon v City of New York,* 60 NY2d 78, 82; *Martin v City of Albany,* 42 NY2d 13, 16), and a pretrial determination of probable cause, as was made here, creates a presumption of probable cause *(see, Landsman v Moss,* 133 AD2d 359, 360; *Gisondi v Town of Harrison,* 120 AD2d 48, 53, *affd* 72 NY2d 280; *Testa v Federated Dept. Stores,* 118 AD2d 696, 697) that can be overcome only upon a showing of fraud, perjury or the withholding of evidence *(see, Gisondi v Town of Harrison, supra; Hornstein v Wolf,* 109 AD2d 129, 132, *affd* 67 NY2d 721). In opposition to defendant's summary judgment motion, plaintiff made no such showing *(see, Butler v Ratner,* 210 AD2d 691, 693-694 *lv dismissed* 85 NY2d 924). Notably, although plaintiff makes frequent reference to disinterested witnesses who testified in the criminal trial that it was defendant and not plaintiff who was the aggressor, no such evidence was submitted on the motions in Supreme Court.

As a final matter, Supreme Court's reliance upon a line of cases *(see, e.g., McLoughlin v New York Edison Co.,* 252 NY 202, 205 [decided under former Code of Criminal Procedure § 183]) in which citizen arrests were found to have been

unlawful (and the probable cause element thus obviated) because of an absence of statutory authority therefor (see, CPL 140.30), is not well placed. It is undisputed that in this case plaintiff was arrested by a police officer, who may make an arrest for a misdemeanor committed outside his presence if based upon reasonable cause (see, CPL 140.25 [1] [b]). The parties' remaining contentions have been considered and found to lack merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered January 26, 1994 is affirmed. Ordered that the order entered June 21, 1994 is modified, on the law, with costs to defendant, by reversing so much thereof as, upon reargument, denied so much of defendant's motion for summary judgment as sought dismissal of plaintiff's first and second causes of action, and, as so modified, affirmed.