■ DOREAN KJAR et al., Respondents, v DAVID A. JORDAN et al., Defendants, and SAMUEL D. JORDAN, Appellant. (Appeal No. 1.) [630 NYS2d 825] —Order unanimously reversed on the law without costs, motion granted and sixth cause of action dismissed. Memorandum: Supreme Court erred in denying the summary judgment motions of defendant Samuel D. Jordan seeking dismissal of the fifth, sixth and seventh causes of action of the complaint. The fifth cause of action alleges that Jordan conspired with others to publish defamatory statements concerning his daughter, Dorean Kjar (plaintiff). It is settled law in New York that a separate cause of action does not exist for civil conspiracy (*Alexander & Alexander v Fritzen*, 68 NY2d 968, 969; *Tighe v Ginsberg*, 146 AD2d 268, 270). Moreover, to the extent that that cause of action asserts a claim for defamation, the record reveals that Jordan neither made the alleged defamatory statements nor participated in their publication.

The sixth cause of action seeks damages for intentional infliction of mental and emotional distress. Plaintiff testified at an examination before trial that, during two phone conversations held months apart, Jordan warned her that, if she knew what was good for her, she would not expose herself to further sorrow by continuing to dwell on the past; he also told her to put her anger behind her and get on with her life and stop trying to hurt her brother. Even assuming that those conversations occurred, that fatherly advice or warning does not constitute "extreme and outrageous conduct, which so transcends the

bounds of decency as to be regarded as atrocious and intolerable in a civilized society" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143; *see also, Owen v Leventritt*, 174 AD2d 471, 472, *lv denied* 79 NY2d 751).

The court also should have dismissed the derivative cause of action of plaintiff's husband. All causes of action asserted on behalf of plaintiff against Jordan should have been dismissed and, without an underlying cause of action against Jordan, there can be no derivative cause of action against him. (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.