[634 NYS2d 802]

Thomas J. Menio, Appellant, v Akzo Salt, Inc., et al.,
Respondents.

Third Department, December 7, 1995

### APPEARANCES OF COUNSEL

*Barney, Grossman, Roth & Dubow,* Ithaca *(Hugh C. Kent* of counsel), for appellant.

*Thaler & Thaler,* Ithaca *(Doyle C. Valley* of counsel), for Akzo Salt, Inc. and others, respondents.

*Lo Pinto, Schlather, Solomon & Salk,* Ithaca *(Raymond M. Schlather* of counsel), for Ronald H. Pierce, respondent.

### OPINION OF THE COURT

PETERS, J.

In October 1986, a wooden tank used by defendant Akzo Salt, Inc. to store salt brine solution ruptured and exploded. As a result thereof, wood pieces from the sides of the tank were strewn about. With Akzo's consent, Calvin Coons, Akzo's maintenance supervisor, allowed employees to take the scrap wood for their personal use in an effort to clean up the surrounding

area. Although Coons was aware that Akzo did not want employees to remove wood from the base of the tank, such information was not disseminated to the employees. Thus, over the ensuing $3^1/_2$ years following the explosion, wood from both the sides and the base of the tank disappeared.

In January 1990, defendant James A. Edwards, the maintenance supervisor for Akzo, noticed that about three quarters of the base wood was missing. Considering it to be of value, Edwards contacted various supervisors to prevent further taking of the wood and spoke with defendant James A. Loose, the plant manager, and defendant Ronald H. Pierce, the personnel department supervisor, to determine who removed the wood. At Edwards' instigation, a complaint was filed with the Schuyler County Sheriff's Department reporting the wood missing. Upon investigation, it was discovered that plaintiff had base wood at his residence valued by Edwards at $1,093. Upon rejection of Akzo's ultimatum that plaintiff resign or be fired and charged with a felony, plaintiff was fired, arrested and charged with felony possession of stolen property.

A preliminary hearing was held by the Town Court of the Town of Dix in Schuyler County where witnesses were called and plaintiff was represented by counsel. At the conclusion thereof, the court dismissed the felony charges and directed the District Attorney to file an information charging plaintiff with petit larceny. While the charges were pending, plaintiff filed a grievance with his union which resulted in an evidentiary hearing. The arbitrator found, at the conclusion thereof, that Akzo had given unwritten "blanket permission" to take the wood and that plaintiff had been wrongfully discharged under the union's collective bargaining agreement. Such determination later became the basis for a reversal of an initial denial of unemployment insurance benefits. Upon removal of the criminal action to the Town Court of the Town of Reading, the charges were dismissed on plaintiff's motion for a lack of evidence. Plaintiff commenced the instant action seeking damages for, *inter alia*, malicious prosecution. After issue was joined and depositions conducted, the malicious prosecution causes of action were dismissed upon defendants' motions.[1] Plaintiff appeals.

---

1. Although plaintiff appeals from the March 20, 1995 order which denied a motion to reargue and dismissed a cause of action alleging assault against Pierce, we find that plaintiff has abandoned all issues relating thereto by the failure to address them in the brief (*see, Shepherd v Whispering Pines*, 188 AD2d 786, 790). Regardless, the denial of a motion to reargue is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

■ Supreme Court held that the malicious prosecution causes of action must fail, as a matter of law, since plaintiff could not establish an essential element of such action—a lack of probable cause (*see, Colon v City of New York*, 60 NY2d 78, 82). While the Magistrate's determination to sustain the complaint, made after the preliminary hearing, created a presumption of probable cause (*see, Landsman v Moss*, 133 AD2d 359, 360; *see also, Brown v Roland*, 215 AD2d 1000, 1001), it has been recognized that such presumption can be overcome by a showing of "fraud, perjury or the withholding of evidence" (*Brown v Roland, supra*, at 1001). Plaintiff initially contends that such presumption was overcome by the favorable rulings of both the arbitrator and the Unemployment Insurance Appeal Board upon the doctrine of collateral estoppel. We disagree.

Although an arbitrator's determination can be given preclusive effect (*see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189-190), we cannot so find in the instant case due to the absence of the transcript of the underlying proceeding. Thus, plaintiff is precluded from sustaining his burden "to demonstrate the identicality and decisiveness of the issue" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 501) since the sole determination by the arbitrator that Akzo had given "blanket permission" to its employee for removal of wood, without more, does not show that the arbitrator specifically examined the issue of probable cause (*compare, Luppo v Waldbaum, Inc.*, 131 AD2d 443, *with Kenyon v State of New York*, 118 AD2d 942). Accordingly, without further proof, this determination does not collaterally estop relitigation of the issue in this malicious prosecution action (*see, Janendo v Town of New Paltz Police Dept.*, 211 AD2d 894).[2]

■ In the next attempt to overcome the presumption of probable cause by a showing of "fraud, perjury or the withholding of evidence" (*Brown v Roland, supra*, at 1001), we again find that plaintiff failed to sustain his evidentiary burden. While plaintiff proffers the deposition testimony of various Akzo employees to show, *inter alia*, that other employees took wood from the site and that the company's policy prohibiting the taking of wood from the base of the tank was not generally known, such information is again insufficient to overcome the

2. To the extent that *Janendo v Town of New Paltz Police Dept. (supra)* may be interpreted to enable collateral estoppel to be grounded solely upon a probable cause determination of a Town Justice, we decline to follow it.

presumption (*see, supra*) since the transcript of the preliminary hearing shows that such information was before the Dix Town Court. Thus, even considering evidence which might otherwise be excludable at trial (*see, Phillips v Kantor & Co.*, 31 NY2d 307; *Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540), we find the evidence presented to be insufficient to rebut the presumption.

As to all other issues raised, we find them to be without merit.

We accordingly affirm the orders of Supreme Court.

MIKOLL, J. P., CREW III, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the orders are affirmed, with one bill of costs.