■ MARY E. FENSTERMACHER et al., Respondents, v NEVINS AMUSEMENTS, INC., et al., Respondents-Appellants, MINEOLA CHAMBER OF COMMERCE, INC., Appellant-Respondent, et al., Defendant. [709 NYS2d 604] —In an action to recover damages for personal injuries, etc., the defendant Mineola Chamber of Commerce, Inc., appeals, as limited by its brief, from so much

of an order of the Supreme Court, Nassau County (Burke, J.), dated June 1, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Nevins Amusements, Inc., and Harold Nevins cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified by (1) deleting the provision thereof denying the motion of the defendant Mineola Chamber of Commerce, Inc., and substituting therefor a provision granting the motion, dismissing the complaint and all cross claims insofar as asserted against it, and severing the action against the remaining defendants, and (2) deleting the provision thereof denying the cross motion of the defendants Nevins Amusements, Inc., and Harold Nevins, and substituting therefor a provision granting the cross motion to the extent of dismissing the complaint insofar as asserted against them except for the second and fifth causes of action based on negligent hiring and negligent retention and the twelfth cause of action based on loss of services; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the respondents to the defendant Mineola Chamber of Commerce, Inc.

On May 14, 1994, the then-16-year-old plaintiff was sexually assaulted by the defendant Leslie Gallagher at a public fair sponsored by the defendant Mineola Chamber of Commerce, Inc. At the time of the assault, Gallagher was employed by the defendant Nevins Amusements, Inc., and its president, the defendant Harold Nevins (hereinafter collectively referred to as the Nevins defendants). The Nevins defendants provided the rides and games at the fair. In an affidavit submitted to the Supreme Court and in his deposition testimony, Harold Nevins asserted that although he had known that Gallagher was on parole and attended meetings with his parole officer, it was only after the incident that he discovered that Gallagher had twice been convicted for attempted sodomy of children.

The Supreme Court properly denied that branch of the cross motion of the Nevins defendants which was for summary judgment dismissing the second and fifth causes of action against them sounding in negligent hiring and negligent retention since there is an issue of fact as to whether the Nevins defendants had a duty to inquire into Gallagher's criminal history (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557; *Giangrasso v Association for Help of Retarded Chil-*

*dren,* 243 AD2d 680; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, *cert denied* 522 US 967). Moreover, the Supreme Court properly refused to dismiss the twelfth cause of action, sounding in loss of services, since it was a derivative of the second and fifth causes of action (*cf., Kjar v Jordan,* 217 AD2d 981, 982; *Holmes v City of New Rochelle,* 190 AD2d 713, 714).

However, the Supreme Court erred in denying the motion of the Mineola Chamber of Commerce, Inc., for summary judgment, and that branch of the cross motion of the Nevins defendants which was for summary judgment dismissing the remaining causes of action against them. Those defendants established entitlement to judgment as a matter of law with respect to these causes of action and the plaintiffs, in their opposing papers, failed to raise any triable issues of fact (*see,* CPLR 3212 [b]; *Zuckerman v City of New York, supra*). Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.