■ DONALD G. PERRYMAN, Respondent, v VILLAGE OF SARANAC LAKE et al., Appellants, et al., Defendant. [839 NYS2d 290]—

Mercure, J. Appeal from that part of an order of the Supreme Court (Dawson, J.), entered October 2, 2006 in Essex County, which denied certain defendants' motion for summary judgment dismissing plaintiff's malicious prosecution claims.

The primary issue on this appeal is whether a defendant seeking dismissal of a malicious prosecution cause of action arising out of a prior civil proceeding must establish that each claim in the prior proceeding was supported by probable cause. We conclude that such a showing is unnecessary. Rather, as explained below, a defendant may meet its burden with respect to that element of a civil malicious prosecution claim by demonstrating that probable cause existed for the prior proceeding as a whole.

Plaintiff has been employed as the police chief of defendant Village of Saranac Lake since 1997. After receiving complaints about plaintiff's performance, the Village Board of Trustees suspended him and retained defendant McKee & Associates, Inc., a private investigation firm, to investigate the allegations of misconduct. Thereafter, the Board voted to bring disciplinary charges against plaintiff and, following an administrative hearing, a Hearing Officer recommended that the charges be dismissed. The Board then voted to accept the Hearing Officer's recommendation and reinstated plaintiff as police chief.

Plaintiff commenced this action against the Village and various village officials (hereinafter collectively referred to as defendants), and McKee, alleging, among other things, malicious prosecution. Defendants and McKee answered and moved for summary judgment dismissing the complaint. Supreme Court granted McKee's motion and partially granted defendants' motion, dismissing all claims except plaintiff's malicious prosecution cause of action against defendants. With respect to that claim, the court concluded that probable cause—an element of malicious prosecution—supported 16 of the 19 charges that the Board brought against plaintiff.* The court determined, however, that questions of fact exist regarding whether there was a lack of probable cause to support the remaining three charges and, thus, declined to dismiss the malicious prosecution cause of action. Defendants now appeal, arguing that because probable cause existed for the disciplinary proceeding as a whole, Supreme Court erred in refusing to dismiss plaintiff's malicious prosecution claim. We agree.

"The gravamen of a civil malicious prosecution cause of action is the wrongful initiation, procurement or continuation of a legal proceeding" (*Campion Funeral Home v State of New York*, 166 AD2d 32, 36 [1991], *lv denied* 78 NY2d 859 [1991] [citations omitted]). To succeed on a claim for malicious prosecution, a plaintiff must show that the defendant initiated a proceeding that terminated in favor of the plaintiff, "an *entire* lack of probable cause in the prior proceeding," malice, and special injury (*Engel v CBS, Inc.*, 93 NY2d 195, 204 [1999] [emphasis added]; *see Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013, 1014 [2007]; *see also I.G. Second Generation Partners, L.P. v Duane Reade*, 17 AD3d 206, 207 [2005]). Probable cause is defined as "such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]; *see Galland v Kossoff*, 34 AD3d 306, 307 [2006]; *Fink v Shawangunk Conservancy, Inc.*, 15 AD3d 754, 755 [2005]). While a malicious prosecution claim can be maintained based upon a prior administrative proceeding (*see Groat v Town Bd. of Town of Glenville*, 73 AD2d 426, 429-430 [1980], *appeal dismissed* 50 NY2d 928 [1980]), " 'when the underlying action is civil in nature the want of probable cause must be patent' " (*Fink v Shawangunk Conservancy, Inc., supra* at 755, quoting *Butler v Ratner*, 210 AD2d 691, 693 [1994], *lv dismissed* 85 NY2d 924 [1995]; *see* Prosser and Keeton, Torts § 120, at 893 [5th ed]).

---

* In his brief on appeal, plaintiff expressly declines to address the charges that Supreme Court found to be supported by probable cause.

Accordingly, this Court recently dismissed a malicious prosecution cause of action based on prior civil litigation where "at least some causes of action in the underlying complaint" had "potential merit" (*Black v Green Harbour Homeowners' Assn., Inc., supra* at 1014). That is, inasmuch as the "defendants had probable cause to assert *some* of their causes of action," the plaintiffs could not maintain a malicious prosecution claim (*id.* [emphasis added]).

Here, as noted above, Supreme Court found that there was probable cause to support all but 3 of the 19 charges that the Board brought against plaintiff—a finding that is not challenged on this appeal. We reject plaintiff's argument that a holding that probable cause exists under these circumstances is tantamount to allowing defendants to prefer as many serious but unsubstantiated charges as they wish, as long as probable cause exists for at least one minor charge (*see generally DiBlasio v City of New York*, 102 F3d 654, 658 [2d Cir 1996]; *Janetka v Dabe*, 892 F2d 187, 190 [2d Cir 1989]). There is no indication in the record that defendants engaged in that practice. Indeed, the three charges on which Supreme Court found an arguable lack of probable cause involved allegations that plaintiff violated the Village's drug free workplace policy rule by consuming alcohol and that he misrepresented the time that he was on duty, whereas 15 of the remaining charges were more serious, alleging offenses under Penal Law articles 175 and 195 (*see DiBlasio v City of New York, supra* at 658-659; *Pugach v Borja*, 175 Misc 2d 683, 689 [1998]). Moreover, this Court has previously rejected a related argument, holding that absent a showing that sustained administrative charges of misconduct "were merely technical or innocuous," a proceeding will not be considered to have terminated in a plaintiff's favor when 103 of 160 charges were dismissed (*Campion Funeral Home v State of New York, supra* at 36). Similarly here, because the action, considered as a whole, was not entirely without probable cause, plaintiff's malicious prosecution claim should have been dismissed (*see Black v Green Harbour Homeowners' Assn., Inc., supra* at 1014; *see also Pugach v Borja, supra* at 690; *see generally Wilhelmina Models, Inc. v Fleisher*, 19 AD3d 267, 270 [2005]).

The parties' remaining arguments have been rendered academic by our determination.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss plaintiff's fifth cause of action in its entirety; motion granted to that extent; and, as so modified, affirmed.