■ 347 CENTRAL PARK ASSOCIATES, LLC, Appellant, v PINE TOP ASSOCIATES, LLC, et al., Respondents. [41 NYS3d 99]—

In an action to recover damages for malicious prosecution, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered March 13, 2014, as granted the motion of the defendants Pine Top Associates, LLC, Bob Lord, and Mauro Valentine, and the separate motion of the defendant Stephen Brotmann for summary judgment dismissing the complaint insofar as asserted against each of them, and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff commenced this action against the defendants Pine Top Associates, LLC, Bob Lord, and Mauro Valentine (hereinafter collectively the Pine Top defendants) and their former attorney, the defendant Stephen Brotmann, to recover damages for the alleged malicious prosecution of a prior civil action against it (hereinafter the prior action). In the order appealed from, the Supreme Court granted the separate motions of the Pine Top defendants and Brotmann for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross motion for summary judgment on the complaint.

Contrary to the plaintiff's contention, the law of the case doctrine is inapplicable where, as here, a summary judgment motion follows a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Borawski v Abulafia,* 140 AD3d 817 [2016]; *Bernard v Grenci,* 48 AD3d 722, 724 [2008]; *State of New York v Barclays Bank of N.Y.,* 151 AD2d 19 [1989], *affd* 76 NY2d 533 [1990]).

" 'The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the

plaintiff, and (6) causing special injury' " (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 702-703 [2010], quoting *Castro v East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 AD3d 608, 609 [2008]; see *Engel v CBS, Inc.*, 93 NY2d 195, 204-206 [1999]; *347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC*, 83 AD3d 689, 690 [2011]). A plaintiff must "prove an entire lack of probable cause in the prior proceeding" (*Engel v CBS, Inc.*, 93 NY2d at 204; see *Perryman v Village of Saranac Lake*, 41 AD3d 1080, 1081 [2007]; *Black v Green Harbour Homeowners' Assn., Inc.*, 37 AD3d 1013, 1014 [2007]; see also *Ellman v McCarty*, 70 AD2d 150, 155-156 [1979]). Here, the defendants demonstrated, prima facie, that the prior "action, considered as a whole, was not entirely without probable cause" (*Perryman v Village of Saranac Lake*, 41 AD3d at 1082). In opposition, the plaintiff failed to raise a triable issue of fact (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and properly denied the plaintiff's cross motion for summary judgment on the complaint.

The parties' remaining contentions need not be reached in light of our determination. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.