■ VIEDYA SABRINA FERGUSON, Individually and as Administratrix of the Estate of RAYMOND A. FERGUSON, JR., Deceased, Respondent, v DAVID LAFFER et al., Defendants, and STAN XUHUI LI, Appellant. [53 NYS3d 89]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant Stan Xuhui Li appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated August 19, 2014, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Stan Xuhui Li pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him is granted.

The defendants David Laffer and Melinda Brady conspired to commit a robbery at Haven Drugs Pharmacy, where Raymond A. Ferguson, Jr. (hereinafter the decedent), was employed as a pharmacist. During the robbery, Laffer shot and killed the decedent. Ultimately, Laffer was convicted of murder in the first degree, and Brady was convicted of robbery in the first degree. In this action, the plaintiff, as the administratrix of the decedent's estate, and individually, alleges that in the years leading up to these crimes, the defendant physician Stan Xuhui Li prescribed Laffer and Brady excessive amounts of addictive prescription pain medications, that Laffer and Brady became addicted to these medications, and that they committed their crimes as a result of their addictions. Li moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. The Supreme Court denied the motion, and Li appeals.

For the reasons set forth in *Malone v County of Suffolk* (128 AD3d 651 [2015]), a case which also arose from the incident at Haven Drugs Pharmacy, the Supreme Court erred in denying Li's motion to dismiss. The plaintiff does not allege that Li had "the authority or the ability to control Laffer" or Brady (*id.* at 653), that Li had any relationship with the plaintiff or the decedent (*see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *Malone v County of Suffolk*, 128 AD3d at

653), or that Li's treatment of Laffer or Brady "necessarily implicate[d] protection of . . . identified persons foreseeably at risk because of a relationship with [the plaintiff or the decedent]" (*Tenuto v Lederle Labs., Div. of Am. Cyanamid Co.*, 90 NY2d 606, 613 [1997]; *see Malone v County of Suffolk*, 128 AD3d at 653). Accordingly, the complaint fails to state a cause of action sounding in negligence against Li (*see Malone v County of Suffolk*, 128 AD3d at 653). Likewise, the derivative cause of action for loss of services, insofar as asserted against Li, also fails (*see Fenstermacher v Nevins Amusements*, 273 AD2d 347, 348-349 [2000]; *Kjar v Jordan*, 217 AD2d 981, 982 [1995]; *Holmes v City of New Rochelle*, 190 AD2d 713, 714 [1993]). The cause of action under General Obligations Law § 11-103, insofar as asserted against Li, fails because the plaintiff does not allege that Laffer or Brady was "impaired by the use of a controlled substance" at the time they committed their crimes (General Obligations Law § 11-103 [1] [a]).

Accordingly, the Supreme Court should have granted Li's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.