Teller v Galak (2018 NY Slip Op 04592)





Teller v Galak


2018 NY Slip Op 04592


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-11244
 (Index No. 34344/14)

[*1]Adam J. Teller, appellant, 
v
Juliean Galak, et al., respondents.


Coti & Sugrue, New City, NY (Stephen R. Sugrue of counsel), for appellant.
Jardim, Meisner & Susser, P.C., New York, NY (Bennet Susser of counsel), for respondents Juliean Galak and The Law Offices of Juliean Galak, P.C.
Morrison Mahoney, LLP, New York, NY (Christopher P. Keenoy of counsel), for respondents Thomas J. Solomon and Lazarowitz & Manganillo, LLP.
Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for respondents Joel Shafferman and Shafferman & Feldman, LLP.



DECISION & ORDER
In an action to recover damages for malicious prosecution, prima facie tort, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 15, 2015. The order granted the separate motions of the defendants Juliean Galak and the Law Offices of Juliean Galak, P.C., the defendants Thomas J. Solomon and Lazarowitz & Manganillo, LLP, and the defendants Joel Shafferman and Shafferman & Feldman, LLP, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff, Adam J. Teller (hereinafter Teller), commenced this action against the defendants on September 15, 2014, alleging malicious prosecution, prima facie tort, and intentional infliction of emotional distress. Each of the defendants had at various times represented plaintiffs in an underlying action which was brought against him alleging, inter alia, that he had signed a personal guaranty in connection with two notes related to the purchase of a business. The defendants Juliean Galak and the Law Offices of Juliean Galak, P.C., the defendants Thomas J. Solomon and Lazarowitz & Manganillo, LLP, and the defendants Joel Shafferman and Shafferman & Feldman, LLP, separately moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against each of them. In an order dated October 15, 2015, the Supreme Court granted the motions on the ground that the action was time-barred, as it was commenced more than one year after a decision dated July 12, 2013, was issued by the United States Bankruptcy Court for the Southern District of New York (hereinafter the Bankruptcy Court), finding that the underlying action should be dismissed. Teller appeals from the order dated October 15, 2015.
The Supreme Court should not have granted those branches of the defendants' separate motions which were to dismiss the malicious prosecution cause of action on the ground that it was time-barred (see CPLR 3211[a][5]). A malicious prosecution cause of action is governed by a one-year statute of limitations (see CPLR 215[3]). Here, the cause of action alleging malicious prosecution accrued on September 16, 2013, when the underlying civil action was dismissed in its entirety by order of the Bankruptcy Court (see 347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC, 83 AD3d 689, 691; Felske v Bernstein, 173 AD2d 677, 678). Since this action was commenced on September 15, 2014, within one year of the accrual of the cause of action alleging malicious prosecution, that cause of action was timely commenced.
Nevertheless, we affirm the portion of the order granting those branches of the defendants' separate motions which were to dismiss the malicious prosecution cause of action, since the complaint did not state a cause of action for malicious prosecution (see CPLR 3211[a][7]). Contrary to Teller's contention, this issue is properly before this Court (see Parochial Bus Systems, Inc. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546). "The elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (347 Central Park Associates, LLC v. Pine Top Associates, LLC, 144 AD3d 785, 785-786 [internal quotation marks omitted]). "A motion to dismiss pursuant to CPLR 3211(a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (Sheroff v Dreyfus Corp., 50 AD3d 877, 877-878; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38). Here, Teller did not adequately allege that he sustained special injury.
The Supreme Court properly granted those branches of the defendant's separate motions which were pursuant to CPLR 3211(a)(5) to dismiss the causes of action alleging prima facie tort and intentional infliction of emotional distress as time-barred. The cause of action alleging intentional infliction of emotional distress is governed by a one-year statute of limitations (see CPLR 215[3]; Khan v Duane Reade, 7 AD3d 311, 312). Under the facts of this case, the cause of action accrued when the underlying action was commenced against Teller in 2011. Since the instant action was commenced in 2014, the cause of action alleging intentional infliction of emotional distress is time-barred. Similarly, the cause of action alleging prima facie tort, under the facts of this case, essentially is an intentional tort claim subject to the one-year statute of limitations (see Havell v Islam, 292 AD2d 210). This cause of action also accrued when the underlying action was commenced against Teller in 2011. Consequently, that cause of action is time-barred.
The parties' remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court